IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GILEAD SCIENCES, INC., )
)
Plaintiff, )
)
v. ) C.A. No. _____
)
MACLEODS PHARMACEUTICALS LTD., )
)
Defendant. )

**PLAINTIFF GILEAD SCIENCES, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gilead Sciences, Inc. ("Gilead" or "Plaintiff"), by its undersigned attorneys, hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the U.S., Title 35, United States Code, against Defendant Macleods Pharmaceuticals Ltd. ("Macleods"). This action arises out of Macleods's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA").

2.      Macleods seeks approval to market a generic version of Gilead's product, VEMLIDY®, containing tenofovir alafenamide ("TAF"), prior to the expiration of U.S. Patent Nos. 8,754,065 and 9,296,769 (collectively, the "Patents-In-Suit").  Gilead attaches hereto a true and accurate copy of each of the Patents-In-Suit as Exhibits A-B.

**PARTIES**

*Plaintiff*

3.      Gilead is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

4.      Gilead is a research-based pharmaceutical company that invents, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for human immunodeficiency virus ("HIV"), hepatitis B virus ("HBV"), hepatitis C virus ("HCV"), hepatitis delta virus ("HDV"), liver diseases, serious cardiovascular and respiratory diseases, and cancer.  Gilead's portfolio of products includes treatments for HBV and HIV using the drug TAF.  Gilead sells a TAF-containing pharmaceutical under the registered trademark VEMLIDY in this District and throughout the United States.

*Defendant*

5.      On information and belief, Macleods is organized and existing under the laws of India, having its principal place of business at Atlanta Arcade, Marol Church Rd., Andheri (East), Mumbai, 400059, India.

6.      On information and belief, Macleods itself and through its subsidiaries, affiliates, and agents, manufactures, distributes, and/or imports generic pharmaceutical products for sale and use throughout the United States, including in this District.

7.      On information and belief, Macleods prepared and filed ANDA No. 220967 (the "VEMLIDY ANDA"), seeking approval to manufacture, import, market, and/or sell a generic version of Gilead's VEMLIDY product (the "VEMLIDY ANDA Product") in the United States, including in this District, upon FDA approval of Macleods's VEMLIDY ANDA.

2

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States of America, 35 U.S.C. § 100 et seq., including §§ 271(e)(2), 271(a), 271(b), 271(c), 271(g), and 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      The Court also has jurisdiction to adjudicate this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and justiciable controversy exists between Gilead and Macleods of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the Patents-In-Suit.

### *Jurisdiction and Venue for Defendant*

10.     This Court has personal jurisdiction over Macleods by virtue of, *inter alia*, its systematic and continuous contacts with this jurisdiction, as alleged herein.  On information and belief, either directly or through its subsidiaries, agents, and/or affiliates, Macleods regularly and continuously transacts business within Delaware, including by manufacturing, selling, offering for sale, marketing, distributing, and/or importing generic versions of pharmaceutical products in the United States, including Delaware.  On information and belief, either directly or through its subsidiaries, agents, and/or affiliates, Macleods currently markets and sells over 145 FDA-approved pharmaceutical products throughout the United States, including in Delaware.  On information and belief, Macleods derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

11.     On information and belief, Macleods markets and distributes its pharmaceutical products through subsidiaries, agents, and/or affiliates including Macleods Pharma USA, Inc., a Delaware corporation that is registered to do business and has appointed an agent to accept service in Delaware.

12. This Court also has personal jurisdiction because Macleods has filed its ANDA for VEMLIDY, seeking approval from the FDA to market and sell Macleods's VEMLIDY ANDA Product throughout the United States, including in Delaware. On information and belief, Macleods intends to commercially manufacture, use, and sell Macleods's VEMLIDY ANDA Product upon receiving FDA approval. On information and belief, upon FDA approval of Macleods's VEMLIDY ANDA, Macleods's VEMLIDY ANDA Product will, among other things, be marketed, distributed and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on Delaware. By filing its VEMLIDY ANDA, Macleods has made clear that it intends to use its distribution channels to direct sales of Macleods's VEMLIDY ANDA Product into Delaware.

13. Further, this Court has personal jurisdiction over Macleods because Macleods has previously been sued in this district and has not challenged personal jurisdiction, and Macleods has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this district. *See, e.g.*, *Gilead Scis., Inc. v. Apotex, Inc. et al.*, Civil Action No. 1:20-cv-00189, D.I. 36 (D. Del. Apr. 13, 2020); *Merck Sharp & Dohme Corp. v. Macleods Pharma. Ltd. et al.*, Civil Action No. 1:19-cv-00316, D.I. 11 (D. Del. Apr. 8, 2019); *Biogen Int'l GmbH et al. v. Macleods Pharma., Ltd. et al.*, Civil Action No. 1:17-cv-00857, D.I. 7 (D. Del. July 17, 2017).

14. Alternatively, this Court may exercise personal jurisdiction over Macleods pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Gilead's claims arise under federal law; (b) Macleods is a foreign company not subject to personal jurisdiction in the courts of any state; and (c) Macleods has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold

throughout the United States, such that this Court's exercise of jurisdiction over Macleods satisfies due process.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Macleods is a foreign corporation and may be sued in any judicial district in the United States in which it is subject to the court's personal jurisdiction, including in this District.

## PATENTS-IN-SUIT

16.     On June 17, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,754,065 (the "'065 patent"), titled, "Tenofovir Alafenamide Hemifumarate."  A true and correct copy of the '065 patent is attached hereto as Exhibit A.  The claims of the '065 patent are valid, enforceable, and not expired.  Gilead Sciences, Inc. is the assignee of the '065 patent.

17.     On March 29, 2016, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,296,769 (the "'769 patent"), titled, "Tenofovir Alafenamide Hemifumarate."  A true and correct copy of the '769 patent is attached hereto as Exhibit B.  The claims of the '769 patent are valid, enforceable, and not expired.  Gilead Sciences, Inc. is the assignee of the '769 patent.

## ACTS GIVING RISE TO THIS ACTION

### *VEMLIDY*

18.     Gilead holds approved New Drug Application ("NDA") No. 208464 for 25 mg tablets containing tenofovir alafenamide for the treatment of chronic hepatitis B virus infection in adults with compensated liver disease, as further described in the VEMLIDY label.

19.     Gilead markets the tablets approved under NDA No. 208464 in the United States under the registered trademark VEMLIDY.  FDA's publication *Approved Drug Products with*

*Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") identifies the following patents for VEMLIDY: U.S. Patent Nos. 8,754,065 and 9,296,769.

20. Gilead describes its VEMLIDY tablets as containing tenofovir alafenamide fumarate with the following empirical and structural formulas:

It has an empirical formula of $C_{21}H_{29}O_5N_6P \cdot \frac{1}{2}(C_4H_4O_4)$ and a formula weight of 534.50. It has the following structural formula:

21. At least one claim of each of the Patents-In-Suit (both of which are listed in the Orange Book) covers VEMLIDY, or approved methods of using VEMLIDY.

22. Macleods filed the Macleods's VEMLIDY ANDA listing VEMLIDY as the reference listed drug.

### Macleods's Acts Regarding VEMLIDY

23. On information and belief, Macleods submitted to the FDA its VEMLIDY ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (the "FFDCA") (21 U.S.C. § 355(j)), seeking the FDA's approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Macleods's VEMLIDY ANDA Product before the expiration of the Patents-In-Suit. On information and belief, the FDA assigned Macleods ANDA No. 220967.

24. On information and belief, Macleods sent a letter dated December 13, 2025 to Gilead ("Macleods's VEMLIDY Notice Letter"), purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B). Macleods's VEMLIDY Notice Letter states that Macleods's VEMLIDY ANDA

includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Patents-In-Suit.

25. Gilead received Macleods's VEMLIDY Notice Letter on or about December 16, 2025.

26. This action is being commenced before the expiration of 45 days from the date Gilead received Macleods's VEMLIDY Notice Letter, which triggers a stay of FDA approval of Macleods's VEMLIDY ANDA pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

27. By filing its VEMLIDY ANDA, Macleods has necessarily represented to FDA that its VEMLIDY ANDA Product has the same active ingredient as VEMLIDY; has the same dosage form and strength as VEMLIDY; and is bioequivalent to VEMLIDY.

28. On information and belief, Macleods is seeking approval to market its VEMLIDY ANDA Product for the same approved indication as VEMLIDY.

29. On information and belief, Macleods's proposed label for its VEMLIDY ANDA Product ("Macleods's Proposed VEMLIDY Label") will refer to the product as, *inter alia*, a hepatitis B virus nucleoside analog reverse transcriptase inhibitor for the treatment of chronic hepatitis B infection in adults with compensated liver disease, and will describe the tablet strength of Macleods's VEMLIDY ANDA Product as 25 mg.

30. On information and belief, Macleods's Proposed VEMLIDY Label will instruct physicians and healthcare providers to administer Macleods's VEMLIDY ANDA Product for, *inter alia*, the treatment of chronic hepatitis B infection in adults with compensated liver disease.

31. On information and belief, Macleods's Proposed VEMLIDY Label will contain data relating to the treatment of patients with hepatitis B infection, obtained from clinical studies involving, *inter alia*, VEMLIDY.

32.    Macleods's VEMLIDY Notice Letter did not dispute infringement of claims 1-11, 14–18, 22–23, and 26–31 of the '065 patent (other than to allege they are invalid).  Macleods's VEMLIDY Notice Letter did not dispute infringement of claims 1–7, 10–11, 15, and 17 of the '769 patent (other than to allege they are invalid).

## COUNTS I–IV FOR PATENT INFRINGEMENT

### Count I: Infringement of the '065 Patent under 35 U.S.C. § 271(e)(2)

33.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

34.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Macleods has committed an act of infringement of the '065 patent by submitting Macleods's VEMLIDY ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Macleods's VEMLIDY ANDA Product in or into the United States prior to the expiration of the '065 patent.

35.    Macleods's commercial manufacture, use, offer for sale, sale, and/or importation of the VEMLIDY ANDA Product prior to the expiration of the '065 patent, and its inducement of and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '065 patent either literally or under the doctrine of equivalents, including but not limited to claim 1.[1]

36.    On information and belief, for example, the VEMLIDY ANDA Product contains tenofovir alafenamide hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

---

[1] Gilead will identify all asserted claims of the '065 patent in accordance with this Court's Local Rules and/or scheduling order.

37.     The commercial manufacture, importation, use, sale, or offer for sale of Macleods's VEMLIDY ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

38.     Unless and until Macleods is enjoined from infringing the '065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

## Count II: Declaratory Judgment of Infringement of the '065 Patent under 35 U.S.C. §§ 271(a)–(c) and/or (g)

39.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

40.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

41.     There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the U.S. Constitution, and that actual case or controversy requires a declaration of rights by this Court.

42.     Macleods has submitted to FDA an ANDA for a generic version of Gilead's VEMLIDY product.  According to Macleods's VEMLIDY Notice Letter, Macleods intends to commercially manufacture, use, offer for sale, sell, and/or import the VEMLIDY ANDA Product in or into the United States.

43.     Although FDA has not approved Macleods's VEMLIDY ANDA, Macleods has made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, sell, offer to sell, and/or import the VEMLIDY ANDA Product.

44.     Macleods's actions indicate that it does not intend to change its course of conduct.

45.     On information and belief, upon FDA approval of Macleods's VEMLIDY ANDA, Macleods will infringe one or more claims of the '065 patent, either literally or under the

doctrine of equivalents, including but not limited to claim 1,[2] by making, using, offering to sell, and/or selling the VEMLIDY ANDA Product, and/or importing said product into the United States, and/or by actively inducing and contributing to infringement, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

46.     On information and belief, for example, Macleods's VEMLIDY ANDA Product contains tenofovir alafenamide hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

47.     Macleods has actual knowledge of the '065 patent.

48.     On information and belief, Macleods became aware of the '065 patent no later than the date on which that patent was issued by the Patent Office and/or listed in the Orange Book for Gilead's VEMLIDY product.

49.     On information and belief, Macleods's efforts to make, use, sell, offer for sale, and/or import its VEMLIDY ANDA Product have been made and will be made with full knowledge of the '065 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '065 patent.

50.     On information and belief, Macleods's VEMLIDY ANDA Product, if FDA-approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by Macleods in the United States by it or on its behalf.

51.     On information and belief, Macleods's Proposed VEMLIDY Label will include directions and instructions that instruct physicians and healthcare providers to administer

---

[2] Gilead will identify all asserted claims of the '065 patent in accordance with this Court's Local Rules and/or scheduling order.

Macleods's VEMLIDY ANDA Product in order to treat, *inter alia*, hepatitis B infection in accordance with the methods described/claimed in the '065 patent.

52.     On information and belief, physicians and healthcare providers will administer Macleods's VEMLIDY ANDA Product in the United States according to the directions and instructions in the Macleods's Proposed VEMLIDY Label, and such administration will constitute direct infringement of at least one claim of the '065 patent.

53.     On information and belief, at least through its Proposed VEMLIDY Label, Macleods will encourage physicians and healthcare providers to administer Macleods's VEMLIDY ANDA Product in order to treat, *inter alia*, hepatitis B infection in accordance with the methods described/claimed in the '065 patent, and Macleods will know that such conduct will occur.

54.     On information and belief, Macleods will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringe the '065 patent.

55.     Through at least the foregoing actions, Macleods will actively induce the infringement of at least one claim of the '065 patent.

56.     On information and belief, Macleods knows that Macleods's VEMLIDY ANDA Product will be especially made or adapted for use in infringing the '065 patent and that Macleods's VEMLIDY ANDA Product is not suitable for substantial non-infringing use.

57.     The commercial manufacture, use, sale, offer for sale, and/or importation of Macleods's VEMLIDY ANDA Product will contribute to the actual infringement of the '065 patent.

58.     On information and belief, Macleods knows or will know that its offer for sale, sale and/or importation of its VEMLIDY ANDA Product will contribute to the actual infringement of the '065 patent.

59.     Through at least the foregoing actions, Macleods will contribute to the infringement of at least one claim of the '065 patent.

60.     On information and belief, if Macleods's VEMLIDY ANDA is approved by the FDA, Macleods will make its VEMLIDY ANDA Product using a process covered by one or more claims of the '065 patent and import that product into the United States and/or offer to sell, sell or use that product in the United States.

61.     On information and belief, Macleods's VEMLIDY ANDA Product will not be materially changed by a subsequent process nor will Macleods's VEMLIDY ANDA Product become a trivial and nonessential component of another product.

62.     Through at least the foregoing actions, Macleods will infringe at least one claim of the '065 patent under 35 U.S.C. § 271(g).

63.     Gilead is entitled to a declaratory judgment that future manufacture, use, offer for sale, sale, and/or importation of Macleods's VEMLIDY ANDA Product by Macleods prior to the expiration of the '065 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '065 patent.

64.     The commercial manufacture, importation, use, sale, or offer for sale of Macleods's VEMLIDY ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

65.     Unless and until Macleods is enjoined from infringing the '065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

12

## Count III: Infringement of the '769 Patent under 35 U.S.C. § 271(e)(2)

66.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

67.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Macleods has committed an act of infringement of the '769 patent by submitting Macleods's VEMLIDY ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Macleods's VEMLIDY ANDA Product in or into the United States prior to the expiration of the '769 patent.

68.     Macleods's commercial manufacture, use, offer for sale, sale, and/or importation of the VEMLIDY ANDA Product prior to the expiration of the '769 patent, and its inducement of and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '769 patent either literally or under the doctrine of equivalents, including but not limited to claim 1.[3]

69.     On information and belief, for example, the VEMLIDY ANDA Product contains a composition comprising tenofovir alafenamide hemifumarate, wherein the composition comprises less than about 5% by weight of tenofovir alafenamide monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

70.     The commercial manufacture, importation, use, sale, or offer for sale of Macleods's VEMLIDY ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

---

[3] Gilead will identify all asserted claims of the '769 patent in accordance with this Court's Local Rules and/or scheduling order.

13

71. Unless and until Macleods is enjoined from infringing the '769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count IV: Declaratory Judgment of Infringement of the '769 Patent under 35 U.S.C. §§ 271(a)–(c) and/or (g)**

72. Gilead realleges the foregoing paragraphs as if fully set forth herein.

73. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

74. There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the U.S. Constitution, and that actual case or controversy requires a declaration of rights by this Court.

75. Macleods has submitted to FDA an ANDA for a generic version of Gilead's VEMLIDY pharmaceutical product. According to Macleods's VEMLIDY Notice Letter, Macleods intends to commercially manufacture, use, offer for sale, sell, and/or import the VEMLIDY ANDA Product in or into the United States.

76. Although FDA has not approved Macleods's VEMLIDY ANDA, Macleods has made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, sell, offer to sell, and/or import the VEMLIDY ANDA Product.

77. Macleods's actions indicate that it does not intend to change its course of conduct.

78. On information and belief, upon FDA approval of Macleods's VEMLIDY ANDA, Macleods will infringe one or more claims of the '769 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1,[4] by making, using, offering to sell, and/or selling the VEMLIDY ANDA Product in the United States, and/or importing said product

---

[4] Gilead will identify all asserted claims of the '769 patent in accordance with this Court's Local Rules and/or scheduling order.

into the United States, and/or by actively inducing and contributing to infringement of the '769 patent by others, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

79.     On information and belief, for example, Macleods's VEMLIDY ANDA Product contains a composition comprising tenofovir alafenamide hemifumarate, wherein the composition comprises less than about 5% by weight of tenofovir alafenamide monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

80.     Macleods has actual knowledge of the '769 patent.

81.     On information and belief, Macleods became aware of the '769 patent no later than the date on which that patent was issued by the Patent Office and/or listed in the Orange Book for Gilead's VEMLIDY product.

82.     On information and belief, Macleods's efforts to make, use, sell, offer for sale, and/or import its VEMLIDY ANDA Product have been made and will be made with full knowledge of the '769 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '769 patent.

83.     On information and belief, Macleods's VEMLIDY ANDA Product, if FDA-approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by Macleods in the United States by it or on its behalf.

84.     On information and belief, Macleods's Proposed VEMLIDY Label will include directions and instructions that instruct physicians and healthcare providers to administer Macleods's VEMLIDY ANDA Product in order to treat, *inter alia*, hepatitis B infection in accordance with the methods described/claimed in the '769 patent.

15

85.    On information and belief, physicians and healthcare providers will administer Macleods's VEMLIDY ANDA Product in the United States according to the directions and instructions in the Macleods's Proposed VEMLIDY Label, and such administration will constitute direct infringement of at least one claim of the '769 patent.

86.    On information and belief, at least through its Proposed VEMLIDY Label, Macleods will encourage physicians and healthcare providers to administer Macleods's VEMLIDY ANDA Product in order to treat, *inter alia*, hepatitis B infection in accordance with the methods described/claimed in the '769 patent, and Macleods will know that such conduct will occur.

87.    On information and belief, Macleods will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringe the '769 patent.

88.    Through at least the foregoing actions, Macleods will actively induce the infringement of at least one claim of the '769 patent.

89.    On information and belief, Macleods knows or will know that Macleods's VEMLIDY ANDA Product will be especially made or adapted for use in infringing the '769 patent and that Macleods's VEMLIDY ANDA Product is not suitable for substantial non-infringing use.

90.    The commercial manufacture, use, sale, offer for sale, and/or importation of Macleods's VEMLIDY ANDA Product will contribute to the actual infringement of the '769 patent.

91.    On information and belief, Macleods knows or will know that its offer for sale, sale and/or importation of its VEMLIDY ANDA Product will contribute to the actual infringement of the '769 patent.

92.     Through at least the foregoing actions, Macleods will contribute to the infringement of at least one claim of the '769 patent.

93.     On information and belief, if Macleods's VEMLIDY ANDA is approved by the FDA, Macleods will make its VEMLIDY ANDA Product using a process covered by one or more claims of the '769 patent and import that product into the United States and/or offer to sell, sell or use that product in the United States.

94.     On information and belief, Macleods's VEMLIDY ANDA Product will not be materially changed by a subsequent process nor will Macleods's VEMLIDY ANDA Product become a trivial and nonessential component of another product.

95.     Through at least the foregoing actions, Macleods will infringe at least one claim of the '769 patent under 35 U.S.C. § 271(g).

96.     Gilead is entitled to a declaratory judgment that future manufacture, use, offer for sale, sale, and/or importation of Macleods's VEMLIDY ANDA Product by Macleods prior to the expiration of the '769 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '769 patent.

97.     The commercial manufacture, importation, use, sale, or offer for sale of Macleods's VEMLIDY ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

98.     Unless and until Macleods is enjoined from infringing the '769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gilead prays that this Court grant the following relief:

A)     A judgment that Macleods has infringed the '065 patent and the '769 patent by submitting its VEMLIDY ANDA under Section 505(j) of the FFDCA, and that the making, using,

offering to sell, and/or selling within the United States, and/or importation into the United States of its VEMLIDY ANDA Product will constitute an infringement of the '065 patent and '769 patent;

B)    A judgment entered declaring that the Patents-In-Suit have not been proven invalid or unenforceable;

C)    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the VEMLIDY ANDA shall be a date which is not earlier than the day after the latest expiration date of the '065 patent and the '769 patent, as extended by any applicable periods of exclusivity to which Gilead is or will be entitled;

D)    An order under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Macleods, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the VEMLIDY ANDA Product until the day after the latest expiration date of the '065 patent and the '769 patent, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled, and from otherwise infringing one or more claims of the '065 patent and the '769 patent;

E)    An order pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Macleods's commercial manufacture, use, offer for sale, sale, and/or importation of its VEMLIDY ANDA Product in or into the United States prior to the expiration of the '065 patent and the '769 patent (including such actions by their officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with Macleods or acting on Macleods's behalf) will constitute infringement of the '065 patent and

18

the '769 patent under 35 U.S.C. §§ 271 (a), (b), (c), and/or (g) and providing any further necessary or proper relief based on the Court's declaratory judgment or decree;

F)      Damages or other monetary relief under 35 U.S.C. §§ 271(a), (b), (c) and (e)(4)(c), and/or 35 U.S.C. § 284, including costs, fees, pre- and post-judgment interest, to Gilead if Macleods's engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of its VEMLIDY ANDA Product prior to the latest expiration date of the '065 patent and the '769 patent, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled;

G)      An order that this case is exceptional under 35 U.S.C. § 285, and that Gilead be awarded reasonable attorneys' fees and costs;

H)      Such other and further relief as this Court deems just and proper, including any appropriate relief under 35 U.S.C. § 285.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Charlotte Jacobsen
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Christine Ranney
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St., Suite 3000
Denver, CO 80202-2211
(303) 298-5700

Darish Huynh
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA  92612-4412
(949) 451-3800

January 28, 2026

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff Gilead Sciences, Inc.*

20